IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY STAFFNEY,

    Plaintiff,                                        Case No.
                                                      Hon.

V

RESCUE MINISTRIES OF MID-MICHIGAN,
a domestic nonprofit corporation,

    Defendant.
_____/
KENNETH D. FINEGOOD, P.L.C.
KENNETH D. FINEGOOD P36170
Attorney for Plaintiff
29566 Northwestern Hwy Ste. 120
Southfield, MI 48034
248- 351-0608
_____/

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, JERRY STAFFNEY, by and through his attorney, Kenneth D. Finegood, PLC and for his complaint states as follows:

**JURISDICTION AND VENUE**

1. This action arises out of a premises accident with jurisdiction of the court based upon 28 U.S.C. 1332 (Diversity of Citizenship).

2. Venue is appropriate in this court pursuant to 28 U.S.C. 1391 as the defendant RESCUE MINISTRIES OF MID-MICHIGAN's principal place of

1

business is in the eastern district of Michigan, and this district is where the claim arose.

3. The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.

## COUNT I

4. That plaintiff JERRY STAFFNEY is a citizen of the state of Colorado, domiciled as a permanent resident of the city of Centennial, CO.

5. That at the time of the incident complained of defendant RESCUE MINISTRIES OF MID-MICHIGAN, (hereinafter referred to as "RESCUE MINISTRIES") was a domestic nonprofit corporation, with its principal place of business located at 1021 Burt, Saginaw, MI 48607.

6. That on or about September 13, 2019 defendant RESCUE MINISTRIES either owned, possessed and or exercised control of the premises located at 1021 Burt, Saginaw, MI 48607.

7. That defendant RESCUE MINISTRIES had notice that its facility was used by business invitees.

8. That on September 13, 2019 plaintiff JERRY STAFFNEY, was a business invitee of defendant lawfully upon defendant's premises when exiting the utility/supply room he slipped and fell violently to the ground on clear liquid over

2

the entire floor surface of the hallway creating an unreasonably hazardous condition due to recent mopping without posted signs or warning which was not open and obvious, thereby sustaining personal injuries as hereinafter set forth.

9. That defendant RESCUE MINISTRIES had a duty to its invitees including plaintiff, to maintain its premises in a reasonable condition for the benefit of its invitees.

10. That defendant RESCUE MINISTRIES breached its duty to plaintiff by allowing an unreasonably hazardous condition to exist consisting of a clear liquid residue from a freshly mopped floor over the entire floor surface of the hallway outside of the utility/supply room without posting warnings to invitees of this dangerous and unsafe condition.

11. That the hazard was effectively unavoidable since plaintiff had no alternative but to encounter the area while exiting the utility/supply room.

12. That defendant RESCUE MINISTRIES by its employees or agents created this unreasonably hazardous condition or alternatively knew or should have known that this condition existed, and yet allowed said condition to exist for an unreasonable length of time.

13. That the unreasonable risk of danger on defendant's premises was neither open nor obvious upon casual inspection to a reasonably careful person and

was effectively unavoidable to anyone exiting the utility/supply room, thereby constituting a special aspect based upon the effectively unavoidable condition and a substantial likelihood of substantial harm if permitted to exist on defendant's property.

14. That plaintiff JERRY STAFFNEY's injuries were the direct and proximate result of the negligence of the defendant, consisting of without being limited to the following:

   a. That defendant maintained its premises in a dangerous and defective condition by allowing a clear liquid to exist over the floor surface due to recent mopping that defendants knew or should have known that said condition on said premises created an unreasonable risk of harm to plaintiff and others lawfully upon said premises.

   b. That defendant failed to warn plaintiff of the dangerous and hazardous condition of its premises by failing to post signs, barricades or using other means to cordon off said area to plaintiff or others lawfully on said premises.

   c. That defendant failed to provide plaintiff a safe and nonhazardous route through the hallway in the vicinity of its utility/supply room.

   d. That defendant failed to diminish the hazard of clear liquid on the floor from freshly mopped floor, when it knew or should have known that this condition was unexpected creating an unreasonable risk of injury to invitees, and

   e. That defendant created an unreasonable risk of harm by allowing the clear liquid to exist on its floor surface from recent mopping which was not readily observable to the ordinarily observant person.

15. That plaintiff JERRY STAFFNEY acted with reasonable care and was not comparatively negligent.

16. That as a direct and proximate result of the defendant's negligence, plaintiff JERRY STAFFNEY sustained severe personal injuries, including but not limited to fractures to his left ankle and left lower leg requiring multiple surgeries and placement of external fixator, injury to his left knee which will require surgery and related injuries, which injuries are progressive and permanent in nature.

17. That if it is established that plaintiff, JERRY STAFFNEY, was suffering from any of the aforestated conditions prior to this accident, then and in that event, plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing accident.

18. That as a result of his injuries, plaintiff JERRY STAFFNEY, has experienced and continues to experience pain and suffering, humiliation, disability, mental anguish, embarrassment, wage loss and has incurred substantial medical and hospital bills for his care and treatment.

19. Further, plaintiff JERRY STAFFNEY has suffered the loss of his ability to engage in various employment, household, social and recreational activities as a result of his injuries.

Wherefore, plaintiff JERRY STAFFNEY prays for a judgment against defendant RESCUE MINISTRIES OF MID-MICHIGAN for whatever amount he shall be found to be entitled to together with interest, court costs and attorney fees so wrongfully incurred.

**DEMAND FOR JURY IS HEREBY MADE**

S/ Kenneth D. Finegood
Kenneth D. Finegood, P.L.C.
29566 Northwestern Hwy Ste 120
Southfield, MI 48034
248-351-0608
KDFesq44@AOL.com
(P36170)

Dated: May 10, 2022